COPY

RECEIVED
07 AUG 28 AM 9:17
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JW
RS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JUNIPER NETWORKS, INC.,<br><br>Defendant. | Case No. C 07 4430<br><br>CONSENT OF DEFENDANT JUNIPER NETWORKS, INC. TO FINAL JUDGMENT |

1. Defendant Juniper Networks, Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") and Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B), and 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rules 10b-5, 12b-20, 13a-1, 13a-11, 13a-13 and 14a-9 thereunder.

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of double jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a

self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to take all possible steps to make available its employees and agents to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any

related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated:_____          JUNIPER NETWORKS, INC.


By: _____
[Name of person signing for entity]
[Title]
[Address]

On _____, 2007, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of _____ as its _____.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Nina Locker
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300
Attorney for Defendant
JUNIPER NETWORKS, INC.

1  related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to
2  receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas,
3  waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure
4  and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's
5  travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v)
6  consents to personal jurisdiction over Defendant in any United States District Court for purposes of
7  enforcing any such subpoena.

8      13.    Defendant agrees that the Commission may present the Final Judgment to the Court
9  for signature and entry without further notice.

10      14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the
11  purpose of enforcing the terms of the Final Judgment.

13  Dated: 7/17/07

JUNIPER NETWORKS, INC.

By: _____
[Name of person signing for entity]
[Title]
[Address]

On _____, 2007, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of _____ as its _____.

_See attached_
Notary Public
Commission expires:

Approved as to form:

_____
Nina Locker
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300
Attorney for Defendant
JUNIPER NETWORKS, INC.

-4-   CONSENT OF JUNIPER NETWORKS, INC.

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of California
County of _Santa Clara_ } ss.

On _July 17, 2007_ before me, _Heidi Woods, Notary Public_,
                Date                                    Name and Title of Officer (e.g., "Jane Doe, Notary Public")
personally appeared _Scott Kriens_
                                              Name(s) of Signer(s)

☑ personally known to me
☐ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Heidi Woods_
Signature of Notary Public

[Seal: HEIDI WOODS, Commission # 1714163, Notary Public - California, Santa Clara County, My Comm. Expires Jan 31, 2011]

———————————— **OPTIONAL** ————————————
*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Consent of Defendant Juniper Networks, Inc. to Final Judgment_
Document Date: _July 17, 2007_                    Number of Pages: _4_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer**

Signer's Name: _____

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org      Prod. No. 5907      Reorder: Call Toll-Free 1-800-876-6827

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JUNIPER NETWORKS, INC.,<br><br>Defendant. | Case No.<br><br>**FINAL JUDGMENT AGAINST DEFENDANT JUNIPER NETWORKS, INC.** |

Plaintiff Securities and Exchange Commission ("Commission") has filed a Complaint ("Complaint") in this action and Defendant Juniper Networks, Inc. ("Juniper") has entered a general appearance and has submitted the Consent of Juniper Networks, Inc. to Final Judgment ("Consent"). In the Consent, Juniper waived service of the Summons and the Complaint, admitted the jurisdiction of this Court over it and over the subject matter of this action, admitted that it was fully advised and informed of the right to a judicial determination of this matter, waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure, consented to the entry of this Final Judgment, without admitting or denying any of the allegations in the Complaint except as set forth in the Consent, and waived notice of hearing upon the entry of this Final Judgment. The Court, being fully advised, orders as follows:

FINAL JUDGMENT OF JUNIPER

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Juniper and its agents, servants, employees, those with powers of attorney on Juniper's behalf, and all persons active in concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by:

1. employing any device, scheme, or artifice to defraud;
2. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
3. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce, or by use of the mails.

II.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Juniper and its agents, servants, employees, those with powers of attorney on Juniper's behalf, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder by:

1. employing any device, scheme, or artifice to defraud;
2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
3. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Juniper and its agents, servants, employees, those with powers of attorney on Juniper's behalf, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by failing, with respect to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o], to file with the Commission such accurate and complete information, reports, and documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the Commission's rules thereunder, including but not limited to, quarterly reports on Form 10-Q [17 C.F.R. § 249.308a] as prescribed by Commission Rule 13a-13 [17 C.F.R. § 240.13a-13], current reports on Form 8-K [17 C.F.R. § 249.308] as prescribed by Commission Rule 13a-11 [17 C.F.R. § 240.13a-11], and annual reports on Form 10-K [17 C.F.R. § 249.308] as prescribed by Commission Rule 13a-1 [17 C.F.R. § 240.13a-1], such information and documents to contain, in addition to such information as is expressly required to be included in a statement or report to the Commission, such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading, as prescribed by Commission Rule 12b-20 [17 C.F.R. § 240.12b-20].

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Juniper and its agents, servants, employees, those with powers of attorney on Juniper's behalf, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from

1  violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing, with
2  respect to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange
3  Act [15 U.S.C. § 78*l*] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o], to make or keep
4  books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions
5  and dispositions of the assets of the issuer.

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Juniper and its agents, servants, employees, those with powers of attorney on Juniper's behalf, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing, with respect to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o], to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

    A.    transactions are executed in accordance with management's general or specific authorization;

    B.    transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

    C.    access to assets is permitted only in accordance with management's general or specific authorization; and

    D.    the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Juniper and its agents, servants, employees, those with powers of attorney on Juniper's behalf, and all persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and any of them, are permanently restrained and enjoined from violating

Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 promulgated thereunder [17 C.F.R. § 240.14a-9] by making or causing to be made solicitations by means of a proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing a statement which, at the time and in the light of the circumstances under which it was made, was false or misleading with respect to any material fact, or which omitted to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

PRESENTED BY:

_____
Helane L. Morrison
Marc J. Fagel
Cary S. Robnett
Robert S. Leach
Jeremy E. Pendrey

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Fax: (415) 705-2501

1 | APPROVED AS TO FORM:

2 | *[signature]*

3 |

4 | Nina Locker
  | Wilson Sonsini Goodrich & Rosati
5 | 650 Page Mill Road
  | Palo Alto, CA 94304
6 | (650) 4937-9300
  | Attorney for Defendant
7 | JUNIPER NETWORKS, INC.

10 | Dated this ____ day of _____, 2007

11 | _____
   | UNITED STATES DISTRICT JUDGE