COPY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge James Ware

RECEIVED
07 AUG 28 AM 9:18
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JW

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

JUNIPER NETWORKS, INC.,

Defendant.

Case No. C 07 4430 RS

**FINAL JUDGMENT AGAINST DEFENDANT JUNIPER NETWORKS, INC.**

Plaintiff Securities and Exchange Commission ("Commission") has filed a Complaint ("Complaint") in this action and Defendant Juniper Networks, Inc. ("Juniper") has entered a general appearance and has submitted the Consent of Juniper Networks, Inc. to Final Judgment ("Consent"). In the Consent, Juniper waived service of the Summons and the Complaint, admitted the jurisdiction of this Court over it and over the subject matter of this action, admitted that it was fully advised and informed of the right to a judicial determination of this matter, waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure, consented to the entry of this Final Judgment, without admitting or denying any of the allegations in the Complaint except as set forth in the Consent, and waived notice of hearing upon the entry of this Final Judgment. The Court, being fully advised, orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Juniper and its agents, servants, employees, those with powers of attorney on Juniper's behalf, and all persons active in concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by:

1. employing any device, scheme, or artifice to defraud;
2. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
3. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce, or by use of the mails.

II.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Juniper and its agents, servants, employees, those with powers of attorney on Juniper's behalf, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder by:

1. employing any device, scheme, or artifice to defraud;
2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
3. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Juniper and its agents, servants, employees, those with powers of attorney on Juniper's behalf, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by failing, with respect to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o], to file with the Commission such accurate and complete information, reports, and documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the Commission's rules thereunder, including but not limited to, quarterly reports on Form 10-Q [17 C.F.R. § 249.308a] as prescribed by Commission Rule 13a-13 [17 C.F.R. § 240.13a-13], current reports on Form 8-K [17 C.F.R. § 249.308] as prescribed by Commission Rule 13a-11 [17 C.F.R. § 240.13a-11], and annual reports on Form 10-K [17 C.F.R. § 249.308] as prescribed by Commission Rule 13a-1 [17 C.F.R. § 240.13a-1], such information and documents to contain, in addition to such information as is expressly required to be included in a statement or report to the Commission, such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading, as prescribed by Commission Rule 12b-20 [17 C.F.R. § 240.12b-20].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Juniper and its agents, servants, employees, those with powers of attorney on Juniper's behalf, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from

violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing, with respect to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o], to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Juniper and its agents, servants, employees, those with powers of attorney on Juniper's behalf, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing, with respect to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o], to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

A. transactions are executed in accordance with management's general or specific authorization;

B. transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

C. access to assets is permitted only in accordance with management's general or specific authorization; and

D. the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Juniper and its agents, servants, employees, those with powers of attorney on Juniper's behalf, and all persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and any of them, are permanently restrained and enjoined from violating

Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 promulgated thereunder [17 C.F.R. § 240.14a-9] by making or causing to be made solicitations by means of a proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing a statement which, at the time and in the light of the circumstances under which it was made, was false or misleading with respect to any material fact, or which omitted to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

PRESENTED BY:

Helane L. Morrison
Marc J. Fagel
Cary S. Robnett
Robert S. Leach
Jeremy E. Pendrey

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Fax: (415) 705-2501

APPROVED AS TO FORM:

Nina Locker
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
(650) 4937-9300
Attorney for Defendant
JUNIPER NETWORKS, INC.

The Clerk shall close this file.

Dated this 7 day of December, 2007

UNITED STATES DISTRICT JUDGE